*Expedia, Inc. v. State of Vermont Dep't of Taxes*, 119-2-18 Wncv (Teachout, J., May 7, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 119-2-18 Wncv** |

**EXPEDIA, INC.**
        **Petitioner**

        **v.**

**STATE OF VERMONT**
**DEPARTMENT OF TAXES**
        **Respondent**

### DECISION
### Expedia's Motion to Quash Administrative Subpoena
### The State's Motion to Enforce

Petitioner Expedia, Inc. has filed a motion to quash a subpoena seeking records for use in an administrative proceeding before the Commissioner of the Department of Taxes. The Department audited Expedia and assessed it for unpaid meals and rooms taxes. Expedia filed a petition for reconsideration pursuant to 32 V.S.A. § 9274. This is an administrative tax appeal treated as a contested case under Vermont's Administrative Procedures Act (VAPA), 3 V.S.A. §§ 800–849. See Vt. Admin. Code 1-3-1:3(a).

After the audit and assessment but before the evidentiary hearing on the administrative appeal, the Department issued the subpoena and Expedia filed a motion with this court pursuant to 3 V.S.A. § 809b(a) seeking to quash it. The State has filed an opposition and seeks enforcement of the subpoena. Oral argument was held on April 30, 2018.

Expedia's principal objections to the subpoena are that the Department lacks statutory authority to issue a subpoena to an out-of-state entity seeking the production of documents *after* an audit and initial assessment have been completed, and that the voluminous documents sought are irrelevant to any issues in controversy.

*Out-of-state subpoena power*

The Department has express statutory authority to seek the production of documents from an out of state entity relevant to "a determination of the tax liability of any taxpayer" pursuant to 32 V.S.A. § 3201(a)(4). Expedia argues that this provision applies only during an audit preliminary to an initial assessment, but once that assessment is appealed administratively, the APA's contested case provisions supersede § 3201. Under the APA, argues Expedia, the Department's subpoena power, 3 V.S.A. § 809(h), can only be exercised in-state.

Section 809(h) is silent as to any geographic limitations on service of subpoenas. Expedia argues that this silence implies that only intrastate service is permissible, but the lack of

specific provision does not necessarily imply a geographic limitation   See generally Rhonda Wasserman, The Subpoena Power: Pennoyer's Last Vestige, 74 Minn. L. Rev. 37 (1989) (compellingly arguing against arbitrary limitations on extraterritorial subpoena power).  In any event, the court need not rule on the breadth of 3 V.S.A. § 809(h) in this case for the following reason.

The court is not persuaded that the provisions of § 809(h), which are applicable to a wide range of types of administrative proceedings, supersede the Department's specific authority to conduct extraterritorial discovery pursuant to 32 V.S.A. § 3201(a)(4), just because a tax dispute moves from a Department assessment to a contested administrative proceeding. Nothing in the statutory scheme says or implies that, and there is no apparent justifiable policy reason for cutting off the Department's access to information helpful to determining accurate tax liability as a tax dispute moves along through channels of decisionmaking.

The principal limitation on the Department's discovery efforts under § 3201(4) is that it must be for the "purpose of ascertaining the correctness of any return or making a determination of the tax liability of any taxpayer."  The determination of a tax liability does not end once there is an assessment if the taxpayer appeals administratively.  On a petition for reconsideration, the commissioner is empowered to reconsider, or modify, the assessment.  32 V.S.A. § 9274.  An evidentiary hearing is held before a hearing officer with the same purpose as at the assessment level: "a determination of the tax liability of any taxpayer."  The Department's authority under § 3201(a)(4) does not arbitrarily end with the assessment simply because the APA provides a procedural framework.

The court declines to quash the subpoena on the grounds that an out-of-state subpoena in an administrative tax appeal is unauthorized under the APA.

*Relevance*

Expedia's objection to the subpoena on basic relevance grounds is persuasive, however. Expedia produced extensive documentation at the Department's request during what Expedia represents was a two-year long audit prior to the assessment.  As the court understands it, the primary controversy between the parties is apparently whether Expedia is subject to the meals and rooms tax as an "operator" and if so, what taxes are due based on its transactions.

An "operator" in this context is,

> any person, or his or her agent, operating a hotel, whether as owner or proprietor or lessee, sublessee, mortgagee, licensee, or otherwise; and any person, or his or her agent, charging for a taxable meal or alcoholic beverage; and any person, or his or her agent, engaged in both of the foregoing activities.  In the event that an operator is a corporation or other entity, the term "operator" shall include any officer or agent of such corporation or other entity who, as an officer or agent of the corporation, is under a duty to pay the gross receipts tax to the Commissioner as required by this chapter.

32 V.S.A. § 9202(4).

2

Discovery thus should be relevant to this definition and to the transactions involved.

Expedia claims that it has provided detailed information and raw data related to all its Vermont transactions during the audit period, and that the information provided is sufficient to allow the Department to calculate the taxes that it believes have gone unpaid.

In the administrative subpoena at issue, the Department seeks access to the specific "formula" Expedia used to calculate tax recovery charges and service fee charges. It also seeks deposition transcripts and trial transcripts for trials in other states (many of which are subject to protective orders), and evidence of various internal company communications dating to the early 2000s (much earlier than the audit period). Expedia has protested that all of this is irrelevant to whether it was an operator subject to Vermont's meals and rooms tax during the audit period.

In the Department's written motion to enforce and opposition to Expedia's motion to quash and at oral argument, the State has not explained why it needs the specific formula Expedia uses or documents from other litigation when it already has apparently complete financial information about the transactions at issue. The Department's argument is essentially that it wants the formula and asked for it and Expedia did not provide it and now it still wants it. However, the Department has not been able to explain satisfactorily why it needs these items in addition to the discovery that it already has in its possession.

On this record, the court is unable to identify any fact or issue in controversy between the parties for which the discovery sought by the State might be relevant, given the information the Department already has. The issues are a determination of taxability of transactions and if so in what amounts, and it appears that the Department already has complete information relevant to those determinations. The Department has not explained why additional information from Expedia's business and from protected evidence from other litigation is needed.

Because Expedia's motion to quash succeeds on basic relevance grounds, it is unnecessary to address Expedia's other grounds for objection to the subpoena.

## ORDER

For the foregoing reasons, Expedia's motion to quash is granted; the State's motion to enforce is denied.

Dated at Montpelier, Vermont this _____ day of May 2018.

_____
Mary Miles Teachout
Superior Judge